IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTIN HICKOX, : | |
|     Plaintiff : | |
|     v. : | Case No. 3:25-cv-345-KAP |
| LIEUTENANT FLEEGLE, : | |
|     Defendant : | |
| | |
| JUSTIN HICKOX, *et al.*, : | |
|     Plaintiffs : | |
|     v. : | Case No. 3:25-cv-324-KAP |
| KENNETH HOLLIBAUGH, *et al.*, : | |
|     Defendants : | |

Memorandum Order

    Plaintiff Hickox has filed about a dozen complaints in this court, some subject to the Prison Litigation Reform Act, most if not all *in forma pauperis*, and most if not all *pro se*. The two above are the most recent, along with in Hickox v. Capital One, Case No. 2:25-cv-843-CCW (W.D.Pa. July 10, 2025), *appeal docketed*, No. 25-2317 (3d Cir.), in which Judge Wiegand of this Court denied plaintiff leave to proceed *in forma pauperis*, and Hickox v. Fleegle, Case No. 3:25-cv-176-SLH-KAP (W.D.Pa. July 29, 2025), *appeal docketed*, No. 25-2461 (3d Cir.). I address them together because they are intertwined.

    In Hickox v. Fleegle, Case No. 3:25-cv-176-SLH-KAP (W.D.Pa. July 29, 2025), *appeal docketed*, No. 25-2461 (3d Cir.), Judge Haines also denied plaintiff *in forma pauperis* status. At first glance the complaint in Hickox v. Fleegle, Case No. 3:25-cv-345-KAP (W.D.Pa.) looks like the same complaint filed in state court and removed at defendant's expense. The parties shall obey the following pretrial schedule:

1. Defendant shall file an answer or motion to dismiss on or before November 16, 2025. All motions except those noted below shall be responded to within twenty days of filing. Unless otherwise ordered the filing of a motion to dismiss does not extend the discovery period.

2. Discovery shall be completed by April 30, 2026. Discovery motions should only be filed after attempts to resolve the matter between the parties have failed, shall briefly state the matter in dispute without need of a supporting memorandum of law, and shall be responded to within five days.  Unless otherwise ordered the filing of discovery motions does not extend the discovery period. Defendant is given leave to take the deposition of inmates without need of further motion under Fed.R.Civ.P. 30(a)(2)(B).

1

3. Motions for summary judgment shall be filed on or before May 31, 2026. Responses to motions for summary judgment are due on or before June 30, 2026.

4. If no summary judgment motions are filed, the pretrial statement of plaintiff shall be filed on or before July 15, 2026, and the pretrial statement of defendants shall be filed on or before August 1, 2026.

In <u>Hickox v. Hollibaugh</u>, Case No. 3:25-cv-324-KAP (W.D.Pa.) plaintiff Hickox also filed the complaint in state court and the defendants removed it at their expense. The complaint purports to be filed on behalf of two plaintiffs, Hickox and another person alleged to be an inmate at S.C.I. Somerset. The inmate plaintiff did not sign the complaint and, even assuming that Hickox signed the complaint properly on his behalf (the alleged power of attorney permitting Hickox to sign legal papers on the inmate's behalf was not part of the paperwork removed to this court: the plaintiffs shall supply that power of attorney forthwith) Hickox cannot practice law on behalf of the inmate plaintiff. It is doubtful whether the inmate plaintiff can give a power of attorney to Hickox to prepare pleadings on his behalf without running afoul of 42 Pa.C.S. § 2524, and even if the inmate plaintiff adopts Hickox's pleadings as his own it is doubtful whether Hickox's signature by power of attorney complies with Fed. R. Civ. P. 11(a)'s requirement that "Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented."

If the allegations of the complaint are true, the complaint is subject to the Prison Litigation Reform Act because the inmate plaintiff is suing corrections personnel over conditions of confinement. Some of the provisions of the PLRA do not apply to complaints filed in state court and removed by defendants (for example the three strikes rule and the limit on emotional injury claims), but the exhaustion of administrative remedies requirement is dependent on the nature of the claim and not where the suit was filed because the PLRA forbids, without any limiting language, suits by prisoners "with respect to prison conditions" under any federal law, including the United States Constitution, "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). *See e.g.* <u>Maldonado v. Baker County Sheriff's Office</u>, 23 F.4th 1299, 1307 (11th Cir. 2022). Although exhaustion of administrative remedies is an affirmative defense that must be proved by the defendants, it is almost certain that the inmate plaintiff could not have exhausted his remedies before the complaint was filed and it will be wasteful to litigate the claims in this matter to a foregone conclusion as far as the inmate plaintiff is concerned, especially since if Hickox prevails on the merits of the request for injunctive relief that will effectively vindicate any claim by the inmate plaintiff, and if the damage claims go forward as to both plaintiffs there is no economy to trying them together.

If for some reason the defendants do not plead exhaustion of remedies as a defense or some interpretation of the PLRA contrary to <u>Maldonado</u> excuses exhaustion of remedies as to the inmate plaintiff, legitimate restrictions on communications between inmates and non-inmates (both Hickox and defendants are familiar with the applicable law as given in <u>Turner v. Safley</u>, 482 U.S. 78 (1987), *see e.g.* <u>Perry v. Secretary, Florida Department of Corrections</u>, 664 F.3d 1359 (11th Cir. 2011)), the impact of legitimate efforts on the part of the Department of Corrections to control contraband on the pace of mail delivery to and from inmates, and the fact that Hickox cannot practice law on behalf of the inmate plaintiff will make <u>Hickox v. Hollibaugh</u>, Case No. 3:25-cv-324-KAP (W.D.Pa.) an unnecessary tangle of spaghetti to manage.

Therefore, on or before October 28, 2025, plaintiffs shall respond, complying with Rule 11, to the motion to dismiss at ECF no. 2 in <u>Hickox v. Hollibaugh</u>, Case No. 3:25-cv-324-KAP (W.D.Pa.). Within the same time, defendants shall either assert or waive the exhaustion defense and unless the defense is waived the parties shall on or before November 16, 2025, brief the issue whether the complaint should be dismissed in whole or as to the inmate plaintiff only for failure to exhaust administrative remedies. Since under the PLRA I am required to consider the defense of qualified immunity "at any time," within the same time, defendants shall also either assert or waive the defense of qualified immunity and unless the defense is waived, the parties shall on or before November 16, 2025, brief the issue whether any or all of the damages claims in the complaint should be dismissed. The parties should address whether the "*particular* conduct," <u>Mullenix v. Luna</u>, 577 U.S. 7, 12 (2015) alleged as to each individual defendant violates clearly established law, at the level of specificity required by the Supreme Court.

DATE: <u>October 16, 2025</u>

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel and by U.S. Mail to:

Justin M. Hickox
2620 Brownsville Road, Apt. 1
Pittsburg, PA 15227

Travis Bryant KC-5551
S.C.I. Somerset
1590 Walters Mill Road
Somerset, PA 15510-0001