IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTIN HICKOX, | : |
|     Plaintiff | : |
|   v. | : Case No. 3:25-cv-324-KAP |
| KENNETH HOLLIBAUGH, *et al.*, | : |
|     Defendants | : |

<u>Memorandum Order</u>

    The Clerk shall correct the caption in this matter by deleting the purported plaintiff Travis Lamont Bryant from this case.

    Over the years inmates have attempted to use litigation as a method of communicating with, surveilling, and harassing other inmates and former inmates despite restrictions placed on such communications in pretrial release orders, sentencing orders, and conditions of supervision, claiming that otherwise prohibited communications are necessary to exercise their access to court. Some claims are legitimate, some are not. This litigation is by a former inmate (Hickox) who claims that the current inmate he wants to communicate with (Bryant) also sought to be a plaintiff.

    The only evidence that Bryant ever sought to be a plaintiff or even had notice of the filing of the complaint in this matter is Hickox' assertion that he has a power of attorney from Bryant. Despite my order Hickox has produced no power of attorney of any kind, valid or not. It is not clear that any power of attorney would be valid under Rule 11 because:

    [U]nder 28 U.S.C.§ 1654, "parties may plead and conduct their own cases *personally or by counsel*" in federal court (emphasis added). "Section 1654 does not permit a non-attorney to represent a litigant in federal court and even a valid power of attorney does not permit it." *Hill* [*v. First Fin. Bank Shares*, No. 1:17-CV-0025-BL, 2017 WL 838267 (N.D. Tex. Mar. 2, 2017)] at *2; *accord Williams v. United States*, 477 F. App'x 9, 11 (3d Cir. 2012) (per curiam) ("[The plaintiff's] power of attorney for her father may confer certain decision-making authority under state law, but it does not permit her to represent him pro se in federal court."); *Conely v. Lee*, No. A–14–CA–242–SS, 2014 WL 2722727, at *2 (W.D. Tex. June 13, 2014) ("A person may represent herself, but the law does not allow her to act as an attorney for others, even under a power of attorney."). This is because to proceed "*pro se* means to appear for one's self," and therefore "a person may not appear on another person's behalf in the other's cause." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); *accord Martin v. City of Alexandria*, 198 F. App'x 344, 346 (5th Cir. 2006) (per curiam) (quoting *Iannaccone*, 142 F.3d at 558); *Estate of Keatinge v. Biddle*,

1

316 F.3d 7, 14 (1st Cir. 2002) ("[T]he holder of a power of attorney is not authorized to appear pro se on behalf of the grantor."). Thus, even if a layperson who initiated suit on behalf of another could show that he or she has a "personal stake" in the litigation to satisfy constitutional standing, the complaint would nevertheless suffer from a defect under § 1654 as to any claim asserted on behalf of the other. *See Hill*, 2017 WL 838267, at *2–3.

McPhail v. United States, 2022 WL 20510185 at *4 (N.D. Tex. Dec. 29, 2022), *report and recommendation adopted,* 2023 WL 5216501 (N.D. Tex. Aug. 14, 2023).

      Because no power of attorney was produced it is not necessary to determine at this time whether the claim by Hickox to be acting on Bryant's behalf was even true, much less legally valid. The motion filed by plaintiff Hickox at ECF no. 8 is denied as moot. If Bryant wishes to commence any action the Clerk shall file it at a new number.

DATE: November 21, 2025

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel and by U.S. Mail to:

Justin M. Hickox
2620 Brownsville Road, Apt. 1
Pittsburg, PA 15227

Travis  Bryant KC-5551
S.C.I. Somerset
1590 Walters Mill Road
Somerset, PA 15510-0001